Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-12-00264-CR

Lazarus L. **CHAPMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR8740
Honorable Philip A. Kazen, Jr., Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  July 5, 2012

DISMISSED

Lazarus L. Chapman entered into a plea bargain with the State, pursuant to which Chapman pleaded nolo contendere to a felony offense. As part of his plea bargain, Chapman signed a separate "Waiver of Appeal." The trial court entered an order of deferred adjudication in accordance with the plea agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* Tex. R. App. P. 25.2(a)(2). Chapman timely filed a notice of appeal. The clerk's record,

which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* Tex. R. App. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and does not indicate the trial court gave Chapman permission to appeal. *See* Tex. R. App. P. 25.2(a)(2). We have reviewed the clerk's record, and the trial court's certification appears to accurately state that this is a plea bargain case, Chapman does not have a right to appeal, and he waived any limited right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." Tex. R. App. P. 25.2(d).

On May 24, 2012, we gave Chapman notice that the appeal would be dismissed unless written consent to appeal and an amended certification showing he has the right to appeal were signed by the trial judge and made part of the appellate record by June 25, 2012. *See* Tex. R. App. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Neither written permission to appeal nor an amended certification showing Chapman has the right to appeal has been filed. We therefore dismiss this appeal.

PER CURIAM

DO NOT PUBLISH